IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00614-MEH-KMT

SAID M. KARARA,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION,

    Defendant.

---

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Pending before the Court is Plaintiff's Motion for Summary Judgment [filed July 2, 2007; docket #11]. Pursuant to 28 U.S.C. § 636(c), the parties consented to the determination of this case by a United States Magistrate Judge. The matter is fully briefed, and the Court orders that, for the reasons stated herein, the Motion is **denied**.

**I.**  **Background**

    On March 25, 2008, Plaintiff filed his Complaint requesting review of an October 4, 2007 decision by the Department of Education Federal Student Aid office, which found his student loan debt to be legally enforceable and referred the debt to the Treasury Offset Program. *See* docket #2 at 64. On April 15, 2008, Plaintiff filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a) setting forth his claims and allegations on the Court's pre-printed complaint form. Docket #5. On May 9, 2008, Plaintiff filed a "Proof of Service" document reflecting copies of certified mail receipts for service of the Summons and Complaint upon Defendant. Docket #9. Defendant did not file a response to the Complaint.

On July 2, 2008, Plaintiff filed the within Motion pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, arguing that because the facts of this matter were already adjudicated in *Karara v. United States*, Case No. 96-S-2439, there are no material facts at issue in this case and therefore, he should be granted summary judgment.[1] Thereafter, on August 5, 2008, Defendant responded to the Motion, objecting to it as premature and moving for perfection of service, but Defendant withdrew its motion for service at the Scheduling Conference on September 2, 2008. *See* dockets #16, #17 and #26. Defendant then responded to Plaintiff's Amended Complaint on September 10, 2008 with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Due to the timing of Plaintiff's within motion and Defendant's contention that the motion was premature, this Court requested supplemental briefing on the application of Fed. R. Civ. P. 56(f) to the motion. On September 30, 3008, both parties filed supplements arguing that Rule 56(f) does not apply. Instead, Plaintiff argues that no discovery is necessary since there are no material facts in dispute. Docket #46. Defendant disagrees, contending that the amount owed on the student loan debt is clearly in dispute, as evidenced by Plaintiff's Complaint alleging that he owes approximately $2280.00 (19 monthly payments of $120) and Defendant's affidavit reflecting that Plaintiff owes approximately $23,000.00 in principal and interest on the outstanding loan amount. *See* docket #47-3.

## II. Discussion

---

[1] Plaintiff's request for relief in this motion is vague, to say the least. He asserts that "Defendant's material failure of performance constituted a breach that discharges plaintiff from performance," but explains neither Defendant's failure nor his own obligation. It was only through the parties' supplemental briefing that the Court was able to discern Plaintiff's request for relief in this matter.

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

When the movant has the burden of proof on a claim for which he seeks judgment, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).

When making a motion for summary judgment, a party with the burden of proof may not simply rest on assertions contained within his pleadings, and must come forward by adducing specific facts supporting the claim. *BancOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F.3d

1089, 1097 (10th Cir. 1999). The facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). It is the Plaintiff's obligation as a litigant to cull the evidence and identify, with particularity and by page, that which is probative of a particular factual assertion. As the Tenth Circuit in *Adler* observes, the courts play a neutral role in the litigation process, and should be "wary of becoming advocates who comb the record of previously available evidence and make a party's case for it." *Id.*

Here, Plaintiff relies on decisions in his prior lawsuit against the United States regarding his student loan for the proposition that the Court has already ruled that he owes only 19 payments of $120 on his student loan debt. Specifically, he points to Magistrate Judge Schlatter's July 10, 1997 Report & Recommendation to grant a motion to dismiss Plaintiff's claim that the loan had been paid in full: "Assuming Karara's allegations to be true, he has not paid 19 of the $120 monthly payments required under the disclosure statement. In short, Karara has not fully complied with the terms of the Disclosure Statement." Docket #5-2 at 55. Judge Schlatter's recommendation was accepted by Judge Sparr on August 25, 1997, the order was affirmed on appeal and the case was dismissed. *See* Case No. 96-S-2439, docket nos. 51, 91 and 99.

Clearly, neither Judge Schlatter nor Judge Sparr ruled that Plaintiff owed a total of only 19 payments of $120 on the loan; rather, to demonstrate that the loan had not been paid in full, both Judges determined that Plaintiff failed to comply with the terms of the Disclosure Statement by not making all payments necessary. Moreover, even had the Judges determined that Plaintiff owed a total of $2280.00 on the loan, such determination was made eleven years ago in 1997. Certainly, interest has accrued, and continues to accrue, on the outstanding loan amount. Therefore, the Court finds that a genuine issue of material fact exists in this case with respect to the total outstanding

balance of the student loan sufficient to warrant a denial of summary judgment.

**IV.      Conclusion**

Accordingly, for the reasons stated above, the Court ORDERS that Plaintiff's Motion for Summary Judgment [filed July 2, 2007; docket #11] is **denied**.

Dated at Denver, Colorado this 14th day of October, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge