IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00614-MEH-KMT

SAID M. KARARA,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION,

    Defendant.

---

## ORDER ON MOTION TO DISMISS

---

**Michael E. Hegarty, United States Magistrate Judge**.

Pending before the Court is Defendant's Motion to Dismiss [filed September 10, 2008; docket #36]. Pursuant to 28 U.S.C. § 636(c), the parties consented to the determination of this case by a United States Magistrate Judge. The matter is fully briefed, and the Court orders that, for the reasons stated herein, the motion is **granted in part** and **denied in part**.

## BACKGROUND

On March 25, 2008, Plaintiff filed his Complaint requesting review of an October 4, 2007 decision by the Department of Education Federal Student Aid office, which found his student loan debt to be legally enforceable and referred the debt to the Treasury Offset Program. *See* docket #2 at 64. On April 15, 2008, Plaintiff filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a) setting forth his claims and allegations on the Court's pre-printed complaint form. Docket #5. Plaintiff specifically alleges that the U.S. District Court has already decided in Case No. 96-S-2439 that the student loan disclosure statement constitutes an agreement between Plaintiff and Defendant, and that, according to such statement, Plaintiff owes only 19 payments of $120 on his outstanding

loan balance. Plaintiff alleges that Defendant, in contravention of the previous court rulings, started the process of offsetting his social security disability income by the outstanding loan amount reflected in the original loan documents (as opposed to the disclosure statement). Therefore, Plaintiff concludes that Defendant has breached the disclosure statement agreement, which then discharges Plaintiff's performance on paying any outstanding loan amount. Plaintiff seeks declaratory relief in orders finding that Plaintiff owes Defendant nothing pursuant to the disclosure statement agreement, requiring Defendant to refund the loan payment offsets, and prohibiting Defendant from offsetting his social security payments any further. Plaintiff also seeks attorney's fees and costs.

Defendant responded to the Amended Complaint by filing the within motion pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Defendant contends that the Tucker Act and Little Tucker Act bar the Plaintiff from seeking relief in a contract action involving more than $22,000.00 against Defendant in this Court, and that the Plaintiff's request to stop Defendant's collection efforts is barred by 20 U.S.C. § 1082(a)(2). Plaintiff responds that his outstanding loan amount is less than the $10,000.00 cap required under the Tucker Acts and therefore they do not apply, and contends that he has never asked the Court to stop the Defendant's collection efforts. Defendant replies that Plaintiff's arguments are belied by the allegations in his Amended Complaint.

## DISCUSSION

**I.     Standard of Review**

    A.     Dismissal under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the

subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Further, under a 12(b)(1) motion, "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). In such an instance, "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Stuart*, 271 F.3d at 1225.

B. Dismissal under Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197 (2007); *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1968-69 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief--

3

that is -- a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all of the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 2007 WL 2136579, *3 (10th Cir. July 26, 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

    C.    <u>Dismissal of a *Pro Se* Plaintiff's Complaint</u>

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

**II.    Legal Analysis**

Because analysis of the within motion turns on the specific relief requested by the Plaintiff, the Court must first determine what the Plaintiff is seeking through this lawsuit. Specifically, in his

4

Amended Complaint, the Plaintiff requests the following:

    (1)    Order ED [Defendant] to comply with the Disclosure Statement agreement with Karara, and accordingly, Karara owes ED nothing.

    (2)    Order ED and the U.S. Department of Treasury to stop offsetting Karara's social security payments, and to refund to him any payments offset, with interest till [sic] completely refunded.

    (3)    Attorney's fees, court cost, all costs associated with bringing this suit, and other relief as the Court deem [sic] just and proper.

Docket #5 at 11. The Court finds that, taking Plaintiff's allegations as true, he seeks (1) specific performance of the "disclosure statement agreement" with Defendant, (2) an order enjoining Defendant from its collection efforts against him, (3) repayment of payments alleged to be improperly collected, and (4) repayment of his attorney's fees and costs.

    A.    <u>Request for Specific Performance</u>

Here, Plaintiff alleges that the Court in his previous lawsuit found that "the Disclosure Statement represented the agreement between [previous loan holder] and Karara," but that Defendant has "erroneously decided that . . . he has to pay according to the original bank loan notes" rather than to the disclosure statement. Docket #5 at ¶ 18. Thus, Plaintiff contends that Defendant must specifically perform under the "disclosure statement agreement" wherein Plaintiff allegedly owes only 19 payments of $120 each.[1]

It is well-settled that sovereign immunity bars a suit against the United States for specific

---

[1] Plaintiff alleges that he paid, or attempted to pay, the entire $2280.00 owing, but that Defendant returned his check uncashed.

performance of a contract. *See Bowen v. Massachusetts,* 487 U.S. 879, 921 (1988); *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682 (1949). Where a plaintiff seeks specific performance of an agreement he alleges he has with the United States, the claim is barred. *See Robbins v. United States Bureau of Land Mgmt.*, 438 F.3d 1074, 1082 (10th Cir. 2006); *see also Thiessen v. Bureau of Land Mgmt.*, 2005 WL 2141346, *2 (D. Colo. 2005). In this case, the Plaintiff demands the specific performance by Defendant of accepting $2,280.00 as payment in full on the outstanding loan balance in accordance with the alleged disclosure statement agreement. Because sovereign immunity has not been waived for specific performance of a contract, there is consequently no subject matter jurisdiction with respect to Plaintiff's claim for specific performance.

B.   Request to Enjoin Collection Efforts

Plaintiff's claim in this instance must be denied for two reasons: (1) the United States' waiver of sovereign immunity against contract claims for monetary relief under the Tucker Act does not extend to claims for declaratory or injunctive relief, and (2) 20 U.S.C. § 1082(a)(2) expressly prohibits injunctive relief against the Department of Education in regard to its administration of the student loan program.

1.   Tucker Acts

The Tucker Act, 28 U.S.C. § 1491, provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded ... upon any express or implied contract with the United States." *Id.* § 1491(a)(1). The Little Tucker Act, 28 U.S.C. § 1346(a)(2), grants federal district courts concurrent jurisdiction over contract claims against the government where plaintiffs seek no more than $10,000.00 in damages. The Supreme Court has long held that neither the Tucker Act nor the Little Tucker Act authorize relief

6

other than money damages for such contract claims. In fact, the Supreme Court held, in *United States v. Mitchell,* 463 U.S. 206, 212 (1983), that by giving the Federal Court of Claims jurisdiction over specific types of claims against the United States, the Tucker Act constitutes a waiver of sovereign immunity with respect to those claims. However, the Tucker Act is not implicated when the plaintiff seeks only declaratory and injunctive relief. *See Van Drasek v. Lehman,* 762 F.2d 1065, 1069 (D.C. Cir. 1985).

Federal courts appear to be unanimous in their holdings that the Tucker Act impliedly forbids a federal district court from granting equitable relief against the government in contract claims. *See, e.g., Tucson Airport Authority v. General Dynamics Corp.,* 136 F.3d 641, 646 (9th Cir.1998) (holding that contract based claims for declaratory and injunctive relief are impliedly barred by the Tucker Act.); *Coggeshall Dev. Corp. v. Diamond,* 884 F.2d 1, 3 (1st Cir. 1989) (no waiver of sovereign immunity for the remedy of specific performance resulting from an alleged breach of contract); *Sharp v. Weinberger,* 798 F.2d 1521, 1523 (D.C. Cir. 1986) (Tucker Act impliedly forbids specific and declaratory relief on contract claims). Therefore, as Plaintiff seeks to enjoin Defendant from its efforts to collect payments due and owing pursuant to student loan agreements, Plaintiff's claim for injunctive relief is barred.

2. 20 U.S.C. § 1082(a)(2)

Similarly, Plaintiff's request for injunction against the Secretary of Education to prohibit the Secretary from collecting Plaintiff's unpaid student loan through the Treasury Offset Program is prohibited by law because "no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary or property under the Secretary's control." 20 U.S.C. § 1082(a)(2). Accordingly, this Court dismisses Plaintiff's claim seeking to enjoin the Secretary of

Education from collecting on the defaulted student loan under the offset program. *See Thomas v. Bennett,* 856 F.2d 1165, 1168 (8th Cir. 1988).

      C.     <u>Request for Repayment of Funds Improperly Collected</u>

Plaintiff's Amended Complaint alleges his belief that he and Defendant have an agreement reflecting that Plaintiff owes $2,280.00 on the outstanding student loan balance. Plaintiff alleges that he attempted to perform under that agreement and make a final payment for $2,280.00, but Defendant returned the check uncashed. In response to Plaintiff's Motion for Summary Judgment in this case, Defendant submitted evidence of its contention that Plaintiff currently owes more than $22,000.00 on the loan, which assumably justifies its collection efforts. Taking Plaintiff's allegations as true and construing his pleading liberally, the Court finds that Plaintiff states a potential claim for repayment of funds allegedly collected improperly through a breach of contract action.

As such, the claim is governed by the Tucker Act and Little Tucker Act. As stated herein, the Little Tucker Act authorizes district courts to exercise jurisdiction over contract claims against the United States where the plaintiff seeks no more than $10,000.00. Although the damages Plaintiff seeks in this regard are not specified in the Complaint, the Defendant apparently started its collection efforts only recently this year. Therefore, it is likely Plaintiff's damages are less than $10,000.00 in this action.

In its motion, Defendant contends that any breach of contract claim that may exist in this action is barred by the Tucker Act, since the loan amount owed totals nearly $22,000.00 and, therefore, the claim must be heard by the Federal Court of Claims. Defendant argues that Plaintiff concedes the loan amount owed is the $22,000.00 figure; however, the Court finds that Plaintiff has

made no such concession. In fact, this Court agreed with Defendant in ruling on Plaintiff's Motion for Summary Judgment that the disputed loan amount owed raises a genuine issue of material fact in this case.

In any event, the Defendant has not demonstrated that the Plaintiff has failed to state a claim in this regard pursuant to Fed. R. Civ. P. 12(b)(6); therefore, the Court will allow the litigation to proceed on Plaintiff's request for repayment of funds allegedly collected improperly. In the event the Court determines that the amount owed by Plaintiff is greater than $10,000.00 under his student loan obligations, the Court may revisit the issue of subject matter jurisdiction, because the Court is under a continuing obligation to consider its jurisdiction at all stages of the lawsuit.

## CONCLUSION

Accordingly, for the reasons stated above, the Court ORDERS that Defendant's Motion to Dismiss [filed September 10, 2008; docket #36] is **granted in part** and **denied in part** as set forth herein. Defendant shall respond to the claim remaining in Plaintiff's Amended Complaint in accordance with Fed. R. Civ. P. 12 and other applicable rules **on or before October 29, 2008**.

Dated at Denver, Colorado this 15th day of October, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge