IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00614-MEH-KMT

SAID M. KARARA,

     Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION,

     Defendant.

---

## ORDER ON MOTION FOR RECONSIDERATION

---

**Michael E. Hegarty, United States Magistrate Judge**.

     Pending before the Court is Defendant's Motion for Reconsideration of its Motion to Dismiss [filed October 22, 2008; docket #60].  Pursuant to 28 U.S.C. § 636(c), the parties consented to the determination of this case by a United States Magistrate Judge.  The matter is fully briefed, and the Court orders that, for the reasons stated herein, the motion is **granted in part and denied in part**.

## BACKGROUND

     On March 25, 2008, Plaintiff filed his Complaint requesting review of an October 4, 2007 decision by the Department of Education Federal Student Aid office, which found his student loan debt to be legally enforceable and referred the debt to the Treasury Offset Program.  *See* docket #2 at 64.  On April 15, 2008, Plaintiff filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a) setting forth his claims and allegations on the Court's pre-printed complaint form.  Docket #5. Plaintiff specifically alleges that the U.S. District Court has already decided in Case No. 96-S-2439 that the student loan disclosure statement constitutes an agreement between Plaintiff and Defendant, and that, according to such statement, Plaintiff owes only 19 payments of $120 on his outstanding

loan balance. Plaintiff alleges that Defendant, in contravention of the previous court rulings, started the process of offsetting his social security disability income by the outstanding loan amount reflected in the original loan documents (as opposed to the disclosure statement). Therefore, Plaintiff concludes that Defendant has breached the disclosure statement agreement, which then discharges Plaintiff's performance on paying any outstanding loan amount. Plaintiff seeks declaratory relief in orders finding that Plaintiff owes Defendant nothing pursuant to the disclosure statement agreement, requiring Defendant to refund the loan payment offsets, and prohibiting Defendant from offsetting his social security payments any further. Plaintiff also seeks attorney's fees and costs.

Defendant responded to the Amended Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Court granted the Motion to Dismiss with respect to certain claims, but denied the motion as to Plaintiff's claim that Defendant breached an agreement with Plaintiff and is collecting student loan payments improperly. The Court found that the claim, taking Plaintiff's allegations as true, amounts to less than $10,000.00 and is, therefore, governed by the Little Tucker Act.

The within motion requests that the Court apply 28 U.S.C. § 1082 to the remaining claim and dismiss it as well. Defendant argues that, pursuant to 28 U.S.C. § 1082(a)(2), any claim seeking repayment of allegedly improper collection is itself a claim for injunctive relief and, thus, is barred by the statute. In the alternative, Defendant argues that Plaintiff's claim is not ripe, since Plaintiff has admitted that he owes $2,280.00, but Defendant has collected only $91.00 per month since March 2008.

Plaintiff responds that, because he is seeking repayment of funds improperly collected and

other losses, along with attorney's fees and costs, he is seeking money damages and not injunctive

relief. Moreover, Plaintiff contends that his claim alleges that Defendant's breach of the disclosure

statement agreement discharges Plaintiff's obligation to pay any outstanding loan amount, and

therefore, Defendant's ripeness argument is invalid.

## DISCUSSION

### I. Standard of Review

#### A. Motions for Reconsideration

Prior to entry of final judgment, district courts have the inherent power to alter or amend

interlocutory orders, such as the Court's order denying the Motion to Dismiss. *National Business*

*Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp.2d 1250, 1255-56 (D. Colo. 2000),

*aff'd* 16 Fed. Appx. 959 (10th Cir. Aug. 14, 2001) (citing *Atchley v. Heritage Cable Vision Assoc.,*

926 F. Supp. 1381, 1383 (N.D. Ind. 1996)). "This inherent power is not governed by rule or statute

and is rooted in the court's equitable power to 'process litigation to a just and equitable conclusion.'

" *Id.* at 1256, (quoting *Shabazz v. Cole,* 69 F. Supp.2d 210, 226 (D. Mass. 1999)). Thus, a court can

alter its interlocutory orders even where the more stringent requirements applicable to a motion to

alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought

pursuant to Rule 60(b) are not satisfied. *Id.*

Notwithstanding the district court's broad discretion to alter its interlocutory orders, the

motion to reconsider "is not at the disposal of parties who want to 'rehash' old arguments." *Id.*

(quoting *Young v. Murphy,* 161 F.R.D. 61, 62 (N.D. Ill. 1995)). Rather, as a practical matter, "[t]o

succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature

to induce the court to reverse its prior decision." *Id.* (quoting *California v. Summer Del Caribe, Inc.,* 821 F. Supp. 574, 578 (N.D. Cal. 1993)). "A motion to reconsider ... should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.*

        B.       Dismissal of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## II.    Legal Analysis

Defendant contends that Plaintiff's remaining claim seeking repayment of a monetary amount that Plaintiff believes he is owed due to the alleged improper collection of his loan debt is an injunctive form of relief and, thus, barred by 20 U.S.C. § 1082(a)(2). Docket #60 at 3-4. The Court disagrees.

First, the remaining claim seeks both money damages (according to the Plaintiff, he has incurred approximately $2,500.00 in damages through the end of the year 2008) and reimbursement of the allegedly improperly collected funds. *See* docket #45 at 5. Therefore, the Court believes Plaintiff's claim for money damages falls within the Little Tucker Act and may not be dismissed for

lack of jurisdiction.

With respect to the reimbursement claim, although the Defendant has cited, and the Court has found, no case law analyzing this question in the context of student loan obligations, the Defendant cites other cases for the proposition that a request for reimbursement of monies improperly collected is not a request for damages, but rather a request for specific injunctive relief. *See, e.g., Bowen v. Massachusetts*, 487 U.S. 879, 893 (1988) (". . . an equitable action for specific relief . . . may include an order providing for the reinstatement of an employee with backpay, or for 'the recovery of specific property or monies . . .'") (quoting *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949)); *Department of Army v. Blue Fox*, 525 U.S. 255, 262 ("[d]amages are given to the plaintiff to substitute for a suffered loss, whereas specific remedies 'are not substitute remedies at all, but attempt to give the plaintiff the very thing to which he was entitled'"). These cases analyze whether certain claims were properly before the district courts below for review under the Administrative Procedures Act by determining whether such claims involved requests for specific (injunctive or declaratory) relief (review allowed by district court) or for money damages (review not allowed). While this Court agrees that a reimbursement request is one for specific relief, as opposed to one for money damages, neither case specifies whether a request for reimbursement of monies improperly collected is considered injunctive or declaratory relief.

In this case, the Plaintiff does not specifically request declaratory relief; however, construing the Amended Complaint liberally as I must, the Plaintiff alleges that the loan disclosure statement "constitutes a final settlement obligation" between the parties for the repayment of the student loans, and that Plaintiff owes only $2,280.00. Therefore, the Court finds that Plaintiff's request for

reimbursement of monies collected through offset of his social security benefits is not a request for damages, but rather a request for a declaration that the offset is invalid due to the alleged settlement agreement between the Plaintiff and Defendant.

Consequently, Plaintiff's reimbursement claim is not governed by the Little Tucker Act, 28 U.S.C. § 1346(a)(2), which grants federal district courts concurrent jurisdiction over contract and other claims against the government where plaintiffs seek no more than $10,000.00 in *damages*. The Supreme Court has long held that neither the Tucker Act nor the Little Tucker Act authorize relief other than money damages for such claims. In fact, the Supreme Court held, in *United States v. Mitchell,* 463 U.S. 206, 212 (1983), that by giving the Federal Court of Claims jurisdiction over specific types of claims against the United States, the Tucker Act constitutes a waiver of sovereign immunity with respect to those claims. However, the Tucker Act is not implicated when the plaintiff seeks only declaratory and injunctive relief. *See Van Drasek v. Lehman,* 762 F.2d 1065, 1069 (D.C. Cir. 1985).

The question remaining, then, is whether this Court has subject matter jurisdiction to hear Plaintiff's claim for declaratory relief. While Defendant is correct that 20 U.S.C. § 1082(a)(2) bars injunctive relief against the Secretary of Education, it does not bar declaratory relief. *See Thomas v. Bennett,* 856 F.2d 1165, 1168 (8th Cir. 1988); *see also Rice v. U.S. Dep't of Educ.*, 2008 WL 2872202, *2 (W.D. Mo. July 22, 2008) (finding jurisdiction over a claim for declaratory relief pursuant to 20 U.S.C. § 1082(a)(2)); *DiNello v. U.S. Dep't of Educ.*, 2006 WL 3783010, *4 (N.D. Ill. Dec. 21, 2006) (same). However, while the statute waives sovereign immunity, it does not itself create an independent cause of action for declaratory relief. *See De LaMota v. U.S. Dep't of Educ.*, 2003 WL 2199774, *5 (S.D.N.Y. Aug. 12, 2003). Thus, the Court must determine whether the

source of substantive law upon which the Plaintiff relies provides an avenue for relief. *Id.* (citing *FDIC v. Meyer*, 510 U.S. 471, 484 (1994)).

Here, the Amended Complaint reflects that "[j]urisdiction is asserted pursuant to the following statutory authorities: 31 U.S.C.A. 3716, 20 U.S.C.A. 1091, 28 U.S.C. 1346." Docket #5 at 2. First, 31 U.S.C. § 3716 grants the head of an agency the ability to collect a claim by administrative offset. Nothing in this statute creates for the Plaintiff an independent cause of action. Second, 20 U.S.C. § 1091 refers to student eligibility for student assistance programs, such as grants, loans or work assistance. Nothing in this statute creates for the Plaintiff an independent cause of action; in fact, it is questionable whether this statute is relevant to Plaintiff's claims for relief. Finally, 28 U.S.C. § 1346 grants jurisdiction to district courts when the United States is named as a defendant. Again, nothing in this statute creates for the Plaintiff an independent cause of action.

As for Plaintiff's asserted claims for relief in the Amended Complaint, all state claims for breach of contract. Typically, a breach of contract claim is a state law claim that must be heard in state court.[1] However, as stated above, federal district courts have jurisdiction only over contract claims against the United States for money damages less than $10,000.00. Otherwise, the United States' waiver of sovereign immunity against contract claims for monetary relief under the Tucker Act does not extend to claims for declaratory or injunctive relief. Therefore, this Court has no jurisdiction to hear a breach of contract claim for declaratory relief against the Defendant.

However, the Plaintiff may have a claim for judicial review of Defendant's decision regarding the offset under the Administrative Procedure Act (APA). "A person suffering a legal

---

[1]Of course, a simple breach of contract claim may be heard by a federal district court under pendent jurisdiction; however, no other federal claim is asserted regarding this issue.

wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Review under the APA is available only when the agency action is "final," and when there exists "no other adequate remedy in a court." *See* 5 U.S.C. § 704.

Here, the Amended Complaint does not specifically seek review under the APA. However, the original Complaint filed in this action specifically requested review of the Defendant's decision.[2] *See* docket #2 at 1. Moreover, in his Response to the Motion to Dismiss, Plaintiff states that he "is therefore asking the court to show Defendant the correct amount to be collected as per the agreement. This comes squarely under Defendant's consent for the court to review Defendant's decision." Docket #45 at 6. Therefore, construing the Amended Complaint liberally, the Court finds that Plaintiff is seeking review of Defendant's offset decision under the APA. Review is available here because the agency decision was final [see docket #5-2 at 80-83] and, as set forth herein, there exists no other adequate remedy in a court for Plaintiff's claim for declaratory relief.

The inquiry does not end here. The Defendant raises another jurisdictional issue in its Motion for Reconsideration - whether the Plaintiff's claim for declaratory relief is ripe. For a claim to be justiciable under Article III, it must present a live controversy, ripe for determination, advanced in a "clean-cut and concrete form." *Kansas Judicial Review v. Stout*, 519 F.3d 1107, 1116 (10th Cir. 2008) (quoting *Renne v. Geary*, 501 U.S. 312, 322 (1991)). A ripeness inquiry focuses

---

[2]The Plaintiff also attaches to his Amended Complaint a letter from the Defendant setting forth its final decision and stating, "If you disagree with this decision, and your federal payments are offset, you may have this decision reviewed by bringing a lawsuit in federal district court." Docket #5-2 at 82. Plaintiff responded to Defendant stating that the decision was "wrong and baseless" and that "[m]y only recourse is to bring a lawsuit in federal district court in case you offset any of my payments." *Id.* at 84.

8

not on whether the plaintiff was harmed, but rather whether the harm asserted has matured sufficiently to warrant judicial intervention. *Id.* Thus, the doctrine "addresses a *timing* question: *when* in time is it appropriate for a court to take up the asserted claim." *Id.* (quoting *ACORN v. City of Tulsa*, 835 F.2d 735, 738 (10th Cir. 1987) (emphasis in original)).

A ripeness inquiry is guided by a two-factor test: the Court must "evaluate both the fitness of the issue for judicial resolution and the hardship to the parties of withholding judicial consideration." *Sierra Club v. Yeutter*, 911 F.2d 1405, 1415 (10th Cir. 1990) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).

Here, as stated above, the Court has determined that Plaintiff seeks a declaration that the offset is invalid due to the alleged agreement between the parties that Plaintiff owes only $2,280.00. Defendant argues that, taking Plaintiff's allegations as true, the Plaintiff's claim is not ripe since the amount collected through offset is only $91.00 per month and collections began in March 2008; therefore, the total amount collected to date (Mar 2008 - Jan 2009) is approximately $1,001.00, which is well short of the $2,280.00 the Plaintiff asserts he owes under the agreement. Plaintiff counters that he is alleging breach of contract against the Defendant and that such breach discharges his obligation to pay anything to the Defendant; therefore, according to Plaintiff, the claim is ripe.

I agree with the Defendant. The Court has already found that it does not have jurisdiction to hear a breach of contract claim for declaratory relief; therefore, Plaintiff's argument fails. In evaluating the *Gardner* factors, Plaintiff's claim that the offset is improper does not actually arise until after the amount Plaintiff alleges is due ($2,280.00) is paid; consequently, the issue is not fit for judicial resolution and there is no hardship to the parties in delaying consideration. Therefore, the Court finds that Plaintiff's claim for declaratory relief is not ripe, and must be dismissed without

9

prejudice.

<h1 style="text-align:center"><u>CONCLUSION</u></h1>

Accordingly, for the reasons stated above, the Court ORDERS that Defendant's Motion for Reconsideration of its Motion to Dismiss [filed October 22, 2008; docket #60] is **granted in part** and **denied in part**. The Court denies the motion with respect to Plaintiff's claim for money damages under the Little Tucker Act. Defendant shall respond to the claim in accordance with Fed. R. Civ. P. 12 and other applicable rules **on or before February 13, 2009**. The Court grants the motion with respect to Plaintiff's claim for declaratory relief, and dismisses the claim without prejudice.

Dated at Denver, Colorado this 30th day of January, 2009.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge